BERWIND-WHITE COAL MINING CO. v. METROPOLITAN S. S. CO.

AMERICAN TRUST CO. v. SAME.

(Circuit Court, D. Maine.   March 30, 1909.)

No. 625.

MARITIME LIENS (§ 25*) — STATUTORY LIENS — CONSTRUCTION OF STATUTE — SCOPE.

> Under Act N. J. March 20, 1857 (P. L. p. 382), as amended by Act April 24, 1884 (P. L. p. 248), giving a lien for any debt which "shall be contracted by the master, owner, agent or consignee of any ship or vessel within this state * * * on account of any work done or materials or articles furnished in this state for or towards the building, repairing, fitting, furnishing or equipping such ship or vessel," one who contracted to furnish and install the machinery for a new steamship at cost, with a certain per cent. added, is found to be entitled to include in his lien, as a part of the cost of the machinery, an amount paid to the owner of a patent on certain of the machinery which was essential to the proper equipment of steamships of that class.

> [Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. §§ 20–35; Dec. Dig. § 25.*

> Created by state laws, see note to The Electron, 21 C. C. A. 21.]

In Equity.   On petition of W. & A. Fletcher Company to intervene. In matter of special master's report and exceptions thereto.

See, also, 166 Fed. 782; 169 Fed. 491.

Harrington Putnam and Edward S. Dodge, for co-petitioner.

William A. Sargent and Avery F. Cushman, for American Trust Co.

Alfred H. Strickland, for Berwind-White Coal Mining Co.

Coolidge & Hight, for receivers.

PUTNAM, Circuit Judge.   In this case there was an interlocutory decree establishing the petitioner's lien and sending the case to a master.   The master has now reported, allowing the entire claim of the petitioner as presented by it.   Two exceptions only to his report are brought to the attention of the court, those exceptions relating to the items of $10,000 and $2,500 paid by the petitioner to the owners of two several patents.   Those patents related to the engines and boilers, were fundamental in their nature, and the improvements covered by them were essential to steamships of the class involved here.   It is claimed that these payments are not protected by the lien statute of New Jersey under which we are proceeding.   The court plainly perceives that the question involved is a very important one, and a very nice one, and would prefer to hold the matter under advisement; but, as the case will be appealed in any event, the court concludes that the interests of the parties will be promoted by its disposing at once of the question now raised, even though its views may be crude.

The statute of New Jersey evidently has received a liberal interpretation by the courts of that state, so that, so far as its construction is concerned, this court has a guide which binds it.   There is a like statute in New Jersey giving a lien on buildings; that is, houses, etc.   This stat-

ute was under consideration in Mutual Benefit Life Insurance Company v. Rowand, 26 N. J. Eq. 389, 397. Under that statute, a lien was maintained for the services of an architect. The language of the statute is given at page 397; and the law here is somewhat broader and more liberal, in view of the fact that the statute in question contains the words "for or toward." Nevertheless the court recognizes the almost universal rule of construction which prevails that lien statutes ordinarily cover only material or labor actually worked into the vessel or building involved, so that, notwithstanding the liberal construction given by the New Jersey courts to the statute providing liens on buildings, we would not be of the opinion that the holder of either of these patents could maintain a lien for the price of a license given directly by him to the Metropolitan Steamship Company. That would be going beyond what the court thinks sound judicial construction of this class of statutes has gone. Such, however, is not the case here. This can be illustrated by a supposed application of the rules announced by this court in American Surety Company v. Lawrenceville Cement Company (C. C.) 110 Fed. 717. The rules adopted by this court in that case were followed by the Circuit Court of Appeals in this circuit. There this court distinguished between the claims of an ordinary teamster carting supplies to the fortification, in question in that case, and the owner of a vessel carrying as freight under a bill of lading the material used in the work. A lien for the freight was denied on the ground that it was not a direct contribution to the structure. Now, if the contractor who was doing the work had paid the freight to the vessel in question, and had added that to the prime cost of the material he supplied, the case would have been like the one at bar in substance and in principle; and, under those circumstances, we are of the belief that this court would have allowed the lien for the entire cost of the material, including the freight.

The contract here was peculiar, in that it gave the petitioner the cost of the work, plus a percentage, or an allowance in the nature of a percentage. In other words, the contract work was done on the basis of cost, and Fletcher & Co., under the contract, were expressly compelled to pay for the licenses; and what they paid for the licenses became, so far as we are concerned, a part of the cost of the engines and boilers. The court is unable to distinguish the amount thus paid for the licenses from payments made by Fletcher & Co. to persons of whom they purchased materials for the vessels, involving profits to such persons, or anything else beyond the mere primal cost. Indeed, we are unable to distinguish the amount paid by Fletcher & Co., or agreed to be paid, whichever it may be—and it is all the same—for these licenses from any other incidental matter which they may have been required to pay to persons from whom they obtained materials that went into the vessels. Therefore, regarding these licenses as only incidental with reference to the cost of the engines and boilers installed in these steamships by Fletcher & Co., we are unable to find that the report of the master was not correct.

The court wishes to say, however, that it is very glad the question is going before a higher tribunal for revision; in fact, it is very glad

that such is the truth with reference to all the questions that have arisen under this petition, which have been very difficult, with a solution very doubtful. There is no court short of the Supreme Court that can settle with any degree of satisfaction the important issues involved in this litigation.

The report of the master is accepted and confirmed.